IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| B.W. | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION FILE NO.: |
| | : | |
| v. | : | |
| | : | |
| G6 HOSPITALITY PROPERTY LLC | : | |
| d/b/a Motel 6 | : | |
| | : | |
| Defendant. | : | |

# COMPLAINT

Matthew B. Stoddard
Belle-Anne B. Cooper
THE STODDARD FIRM
1534 N Decatur Road
Atlanta, GA 30307
P: 470-467-2200
matt@legalhelpga.com
ba@legalhelpga.com

**Attorneys for Plaintiff**

**TABLE OF CONTENTS**

Introduction..........................................................................................................3

Procedural Issues....................................................................................................3

B.W. Is Trafficked for Sex at The Hotel…............................................................4

COUNT 1: TVPRA Claims……………………………………………….........7

COUNT 2: State Law RICO Claims………………………..…………………11

COUNT 3: Premises Claim.……………………………………........................14

COUNT 4: Nuisance Claim.…………………………………….......................17

Causation and Damages........................................................................................17

Statute of Limitations…………………………………………………………..19

Prayer for Relief....................................................................................................20

## INTRODUCTION

1. From approximately October 1, 2012, until December 18, 2018, a Motel 6 located at 2810 Lawrenceville Highway, Tucker, Georgia (the "Motel 6") was owned and operated by Defendant G6 Hospitality Property LLC ("G6 Hospitality").

2. From late 2016 through the beginning of 2017, B.W. – a seventeen-year-old girl – was repeatedly trafficked for sex at the Motel 6 by a man named "Blue" and his female associate.

## PROCEDURAL ISSUES

3. Given the nature of the case, B.W. is identified in this Complaint by her initials to prevent public disclosure of her name. Plaintiff's counsel has either previously disclosed full names to defense counsel or will immediately upon identification of defense counsel. When filing this Complaint, Plaintiff's counsel also filed a Motion for Protective Order seeking Court permission for Plaintiff to proceed anonymously. Upon information and belief, Defendant will consent to Plaintiff proceeding without publicly disclosing her name.

4. Defendant G6 Hospitality can be served through its registered agent Cogency Global Inc. at 900 Old Roswell Lakes Parkway, Suite 310, Roswell, GA, 30076.

5. Defendant G6 Hospitality was properly served with process in this matter.

6. Defendant G6 Hospitality is subject to the jurisdiction and venue of this Court.

7. Jurisdiction is proper in this Court under 28 U.S.C. § 1331 (federal question jurisdiction) because this matter concerns the Trafficking Victims Protection Reauthorization Act which is a law of the United States.

8. Venue is proper in this Court because a substantial part of the events or omissions giving rise to the claims asserted in this action occurred in DeKalb County Georgia which is within the Northern District of Georgia's Atlanta Division. *See* 28 U.S.C. § 1391.

**B.W. IS TRAFFICKED FOR SEX AT THE HOTEL**

9. Seventeen-year-old B.W. was forced to have sex for money at Defendant's Motel 6 in Tucker, GA from approximately December 2016 through February 2017 by a man named Blue and his female associate.

10. While trafficked at Defendant's hotel, Blue beat B.W. and imprisoned her.

11. While trafficked at Defendant's hotel, Blue forced B.W. to use drugs and to drink alcohol.

12. While trafficked at Defendant's hotel, Blue caused B.W. to fear for her life.

13. Blue continually sold B.W. as a sex slave to buyers at the Motel 6.

14. B.W. was sexually assaulted dozens of times while at the hotel by various "Johns."

15. Blue and his female associate took the commercial sex act proceeds.

16. For the duration of the stay, Blue and/or his female associate used a portion of the proceeds from the commercial sex acts to book lodging at the hotel for the next night.

17. Upon information and belief, Blue and/or his female associate would use Defendant's WIFI network to post advertisements for B.W. to perform sex acts, and men would thereafter rape B.W. because of these advertisements. Upon information and belief, Blue and/or his female associate paid for use of Defendant's WIFI network either through the room rental fees or a separate charge.

18. Blue and/or his female associate would not let the cleaning staff clean the rooms where B.W. was performing commercial sex acts. Instead, either Blue, his female associate or B.W. (at Blues' direction) would ask Defendant's cleaning staff for towels and sheets. These requests for towels and sheets were made multiple times each day, and Defendant's staff always complied.

19. Plaintiff was forced (through coercion, violence, and threats of violence) to have sex with men in exchange for money in rooms at the hotel that her trafficker and his associates rented from Defendant.

20. Plaintiff's traffickers took the money from the sex acts and used it to re-rent hotel rooms from Defendant, and then those traffickers again forced (through coercion, violence, and threats of violence) Plaintiff to have sex with men in exchange for money in the hotel rooms.

21. Defendant's staff and agents observed the following signs and symptoms of trafficking for Plaintiff / victim:

a. malnourishment, poor hygiene, fatigue, sleep deprivation, bruising, cuts, and other physical injuries

b. lack of freedom of movement and constant monitoring by an older man

c. no control over or possession of money

d. constant and excessive requests for towels and sheets to housekeeping

e. prohibition of some staff members to enter the hotel rooms

f. large numbers of used condoms

g. rooms rented daily by the same trafficker who would frequently pay with cash

i. a constant stream of male visitors entering the room one at a time, staying a short period, and then leaving.

## COUNT 1: TVPRA CLAIMS

22. Defendant "knowingly benefited" from Plaintiff's trafficking because:

a. the traffickers rented rooms at the hotel;

b. the traffickers used the hotel WIFI network;

c. Defendant collected revenue from the room rentals and the use of the WIFI network; and

d. the victim was advertised for sex through the WIFI network and forced to have sex in the rooms.

23. Defendant took part in a common undertaking involving risk or profit with the traffickers because:

a. Plaintiff's traffickers would pay in cash for one night at a time, booking the next night's stay before check-out time;

b. Defendant directly rented rooms to people it knew or should have known were engaged in sex trafficking including the trafficking of Plaintiff;

d. Defendant was directly renting rooms to the same traffickers – Plaintiff's traffickers;

e. Defendant had commercial dealings with Plaintiff's traffickers and then continued to rent rooms to Plaintiff's traffickers.

f. Defendant had a continuous business relationship with Plaintiff's traffickers such that Defendant established a pattern of conduct with those traffickers.

g. After renting the room for the first night, Plaintiff's traffickers had prior commercial dealings with Defendant and then reinstated those dealings.

h. Defendant associated with Plaintiff's traffickers in an effort to force Plaintiff to serve Defendant's business objectives.

i. Defendant owned, operated, and maintained the hotel in question.

24. Plaintiff's traffickers' undertaking with Defendant violated the TVPRA with respect to Plaintiff because:

a. the traffickers recruited Plaintiff to participate in commercial sex acts at Defendant's hotel by, among other reasons, stating that they would take care of the Plaintiff and then making Plaintiff work as prostitute;

b. the traffickers harbored Plaintiff at Defendant's hotel for the purpose of Plaintiff participating in commercial sex acts at the property;

c. the traffickers transported Plaintiff to Defendant's hotel for the purpose of Plaintiff participating in commercial sex acts at the hotel;

d. the traffickers maintained Plaintiff at Defendant's hotel for the purpose of Plaintiff participating in commercial sex acts at the hotel;

e. The commercial sex acts occurred at Defendant's hotel in rooms rented by Plaintiff's traffickers;

f. the traffickers used force, threats of force, fraud, and coercion to cause Plaintiff to participate in commercial sex acts at Defendant's hotel;

g. the traffickers threatened Plaintiff with violence and used this tactic to cause Plaintiff to engage in commercial sex acts at Defendant's hotel;

h. the traffickers de-frauded Plaintiff by falsely telling Plaintiff that they would take care of Plaintiff, and then forcing Plaintiff to work as prostitute for them at Defendant's hotel;

i. the traffickers coerced Plaintiff to participate in commercial sex acts at Defendant's property by threatening Plaintiff with physical harm if Plaintiff did not engage in commercial sex acts at Defendant's hotel;

j. the traffickers knowingly, recruited, enticed, harbored, transported, advertised, maintained, and solicited Plaintiff to engage in commercial sex acts in the hotel rooms that the traffickers rented from Defendant;

k. Buyers came to Defendant's hotel, purchased the "right" to have sex with Plaintiff from her traffickers, and then the buyers raped the Plaintiff at Defendant's hotel;

l. Blue was aware or should have been aware that B.W. was not yet eighteen years of age but nevertheless sold her for commercial sex at Defendant's hotel;

m. the traffickers utilized Defendant's wireless internet connection to post advertisements of Plaintiff for the commercial sex acts; and

n. Other actions to be proven at trial.

25. The venture in which Defendant participated affected interstate commerce for numerous reasons including the sale and use of condoms, the purchase and use of cleaning supplies from out of state, the use of credit cards to post online advertisements through websites for selling Plaintiff in commercial sex acts, the use of the internet to post sex advertisements, the use of interstate highways to transport Plaintiff to the hotel by their traffickers (and their associates), and other reasons to be proven at trial.

26. As shown above, Defendant had – at minimum – constructive knowledge that Plaintiff was being trafficked for sex at the property. *See also* Fed. R. Civ. P. 9(b)("knowledge and other conditions of a person's mind may be alleged generally); *Sun Life Assurance Co. of Can. v. Imperial Premium Fin., LLC*, 904 F.3d 1198, 1215 (11th Cir. 2018) (same).

27. Defendant directed, operated, supervised, monitored, managed, and/or employed all employees, managers, housekeepers, and other staff at its hotel at all relevant times, giving Defendant specific and direct knowledge of sex trafficking, including the sex trafficking that victimized Plaintiffs, and other crimes at the hotel during the relevant period.

**COUNT 2: STATE LAW RICO CLAIMS**

28. Defendant violated Georgia's Racketeer Influenced and Corrupt Organizations Act (“Georgia RICO”) when it acquired and maintained, directly and indirectly, an interest in money through a pattern of racketeering activity at the hotel. O.C.G.A. § 16-14-4(a)

29. Defendant also violated Georgia RICO when it conspired and endeavored to acquire and maintain, directly and indirectly, an interest in money through a pattern of racketeering activity at the hotel. O.C.G.A. § 16-14-4(c).

30. Defendant knowingly and willfully joined a conspiracy at the hotel, which contained a common plan or purpose to commit two or more acts of racketeering activity, through which an interest in and control of money would be acquired and maintained, either directly or indirectly from the hotel.

31. Defendant’s acts of racketeering had the same or similar accomplices, including, but not limited to the sex traffickers and buyers. Defendant, as a party to the crime, and as a co-conspirator, while having and exercising control over the use of the hotel, devised an unlawful scheme designed to maximize profits to the detriment of guests and invitees —no matter the means or the cost.

32. Defendant engaged in more than two acts of racketeering activity in furtherance of one or more incidents, schemes, or transactions by keeping a place of

prostitution, by pimping, and through sexual servitude in violation of Georgia law. O.C.G.A. §16-14-3(5)(A)(vii); *see also* O.C.G.A. § 16-6-10 (keeping a place of prostitution); O.C.G.A. § 16-6-11 (pimping); O.C.G.A. § 16-5-20 (simple assault); O.C.G.A. § 16-5-20 (aggravated assault); O.C.G.A. § 16-5-23 (simple battery); O.C.G.A. § 16-5-23.1 (battery); O.C.G.A. § 16-5-24 (aggravated battery); O.C.G.A. § 16-5-40 (kidnapping); O.C.G.A. § 16-5-41 (false imprisonment); O.C.G.A. § 16-5-46(c) (trafficking persons for sexual servitude).

33. Plaintiff's claims do not require that Defendant's employees directly sold Plaintiff for sex because Defendant helped those who did – making them "parties to the crime" under Georgia law. *See* O.C.G.A. § 16-2-20(a); *Coggins v. State*, 275 Ga. 479, 480 (2002); *Dorsey v. State*, 279 Ga. 534, 540 (2005); *Whaley v. State*, 343 Ga. App. 701, 704 (2017).

34. Defendant committed a predicate act each time it rented a room to any Plaintiff, trafficker, or other person for prostitution at the hotel, and Defendant rented rooms to known traffickers including Plaintiff's known traffickers at the hotel.

35. Defendant committed a predicate act each time it assisted Plaintiff's traffickers by renting them a room or other acts of assistance.

36. Defendant kept a place of prostitution by receiving money and by acting individually, as parties to the crime, and as co-conspirators, while having and exercising control over the hotel, which offered seclusion or shelter for the practice of prostitution, knowingly granting and permitting the use of that location for the purpose of prostitution, in violation of O.C.G.A. § 16-6-10. This constitutes racketeering activity. O.C.G.A. § 16-14- 3(5)(A)(vii).

37. Defendant was also "pimping" by receiving proceeds and profits derived from prostitution and aiding and abetting the traffickers in the commission of the plan to force others into commercial sex acts.

38. Defendant was also a party to the crime of "sexual servitude" each time it aided a trafficker and received proceeds and profits derived from the same.

39. Defendant was also a party to the crimes of assault, battery, kidnapping and false imprisonment each time in rented rooms to traffickers where the traffickers had kidnapped, falsely imprisoned, threatened, and beaten the plaintiff victim, and Defendant was a "party to the crime" as it was aware or should have been aware of the imprisonment and beatings.

40. Management level employees such as a general manager – at a minimum – recklessly tolerated the commission of the crimes stated herein.

41. Upon information and belief, Defendant's pattern of racketeering activity continued throughout its management and operation of the property.

42. The acts of racketeering activity were interrelated by distinguishing characteristics and were not isolated incidents.

43. Defendant's acts of racketeering had the same or similar intents, including but not limited to obtaining money, directly or indirectly, through a pattern of racketeering activity.

44. Defendant's acts of racketeering had the same or similar victims, including, but not limited to, Plaintiff, the non-party victims stated here, and other victims who were engaging in sexual acts in exchange for money at the hotel.

45. The racketeering violations committed by Defendant involved transactions affecting Plaintiff, and as a result, all of the Plaintiff's injuries flow directly from the pattern of racketeering violations committed by Defendant.

**COUNT 3: PREMISES LIABILITY LAW**

46. Defendant owed a duty to Plaintiff to exercise ordinary care in keeping the premises and approaches of the hotel safe. *See* O.C.G.A. § 51-3-1.

47. Defendant's actual and constructive knowledge of criminal activity at the hotel made the repeated raping of Plaintiff foreseeable to the Defendant.

48. Defendant knew or should have known of steps to take to prevent the hotel from being used as a venue for sex trafficking, rape, forced drug use, assault, and other crimes perpetrated on Plaintiff but negligently failed to deter the crimes or warn the Plaintiff.

49. Defendant was negligent and said negligence proximately caused Plaintiff's injuries in the following ways:

a. Negligently violating O.C.G.A. § 51-3-1 by failing to use ordinary care to keep the premises safe;

b. Negligently failing to provide appropriate and effective security personnel during Plaintiff's sex trafficking at the hotel;

c. Negligently failing to properly inspect and maintain the premises;

d. Negligently failing to properly train and supervise its employees regarding sex trafficking and other sex crimes at the hotel;

e. Negligently failing to properly retain, hire, train, and supervise said employees;

f. Negligently failing to ensure business policies, systems, and security were adequately followed and implemented;

g. Negligently failing to respond to online reviews and publicly available information;

h. Negligently failing to prevent loitering, pandering, prostitution and trespassing;

i. Negligently failing to remove loiterers, panderers, prostitutes, pimps and trespassers;

j. Negligently failing to inspect, patrol, or appropriately monitor the property;

k. Negligently failing to provide adequate lighting and employ other available security measures, personnel, and devices, such as controlled access, adequate signage, cameras, patrols, inspections, physical, and other landscaping adjustments, and other measures available;

l. Negligently failing to remediate a long history of crime at the hotel;

m. Negligently failing to warn invitees of known hazards at the property;

n. Negligently representing to invitees that the property was safe; and

o. Other negligent acts that violated Georgia common law to be proved at trial.

50. Defendant also had a duty NOT to aid in the creation of, and NOT to maintain, a continuous and regularly repeated dangerous criminal condition at the hotel.

51. Defendant was aware of the dangerous criminal condition at the hotel and negligently allowed that condition to continue.

52. Defendant maintained a dangerous criminal condition at the hotel.

53. Defendant's creation of and failure to abate a nuisance caused injury to each Plaintiff.

## COUNT 4: NUISANCE LAW

54. Defendant also had a duty NOT to aid in the creation of, and NOT to maintain, a continuous and regularly repeated dangerous criminal condition at the hotel.

55. Defendant was aware of the dangerous criminal condition at the hotel and negligently allowed that condition to continue.

56. Defendant maintained a dangerous criminal condition at the hotel.

57. Defendant's creation of and failure to abate a nuisance caused injury to each Plaintiff.

## CAUSATION AND DAMAGES

58. As a direct and proximate result of Defendant's acts and omissions Plaintiff suffered substantial physical, emotional, and psychological harm and other damages.

59. Defendant is joint and severally liable with Plaintiff's traffickers, and their associates, and any other non-party actors who participated in the trafficking for the indivisible injuries that the venture proximately caused to Plaintiff.

60. Defendant is liable for Plaintiff's damages in an amount to be proven at trial, including reasonable attorneys' fees and punitive damages under 18 U.S.C. § 1595(a).

61. Defendant is liable for treble damages under Georgia State RICO law.

62. Plaintiff brings each and every claim for damages permissible under the law against Defendant for injuries suffered in the incident at issue, and to recover for all special damages, economic losses, medical expenses, necessary expenses, and all compensatory, special, actual, general, and punitive damages permissible under the law, including, but not limited to:

a. Personal injuries;

b. Past, present and future pain and suffering;

c. Disability;

d. Disfigurement;

e. Mental anguish;

f. Loss of the capacity for the enjoyment of life;

g. Loss of earning capacity;

h. Lost wages;

i. Diminished capacity to labor;

j. Incidental expenses;

k. Past, present and future medical expenses;

l. Permanent injuries;

m. Attorney's fees;

n. Punitive damages; and

o. Consequential damages to be proven at trial.

63. Punitive damages should be imposed upon the Defendant without limitation or cap for its actions which are explained more fully above.

64. Defendant is also liable for paying Plaintiff's attorneys fees and litigation expenses pursuant to the TVPRA, Georgia RICO, and O.C.G.A. § 13-6-11 because Defendant has acted in bad faith in the underlying transaction as shown herein.

65. Each of the forgoing acts and omissions constitute an independent act of negligence on the part of Defendant, and one or more or all of the above stated acts were the proximate causes of the injuries and damages sustained by the Plaintiff.

## STATUTE OF LIMITATIONS

66. While some of the racketeering activity directed at the Plaintiff occurred more than five years ago, the racketeering activity at the hotel perpetrated by the Defendant did not terminate with the escape of Plaintiff, such that Plaintiff's racketeering claims are viable.

67. While Plaintiff's respective incident occurred more than two years ago, Plaintiff's traffickers have not yet been convicted for trafficking Plaintiff, and the statute of limitations on Plaintiff's premises and nuisance claims are therefore tolled

for six years such that the claims are still viable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a judgment against Defendant and for the following:

1) That process and summons issue requiring each Defendant to appear as provided by law to answer the allegations of the Complaint;

2) Plaintiff be awarded actual damages in amounts to be shown at trial;

3) Plaintiff be awarded all general, special, compensatory, economic, and other allowable damages in accordance with the enlightened conscience of an impartial jury from Defendant;

4) Plaintiff be awarded her attorneys' fees and case expenses as allowed by law;

6) Punitive damages be imposed upon Defendant;

7) Treble damages be imposed upon Defendant;

8) Plaintiff be provided with a trial by jury; and

9) Plaintiff have such other relief as this Court deems just and appropriate under the circumstances.

This 16th day of January, 2024.

**THE STODDARD FIRM**

*/s/ Matthew B. Stoddard*
Matthew B. Stoddard, Esq.
Georgia Bar No. 558215
Belle-Anne B. Cooper, Esq.
Ga. Bar No.: 561983

THE STODDARD FIRM
1534 N Decatur Road
P: 470-467-2200
F: 470-467-1300
matt@LegalHelpGa.com
ba@legalhelpga.com
***Attorneys for Plaintiff***